**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

WILLIAM N.,[1]

Plaintiff,

v.

FRANK BISIGNANO,[2]
Commissioner of Social Security,

Defendant.

No. 2:25-cv-03798 DSR

**MEMORANDUM DECISION AND ORDER**

## 1. INTRODUCTION

Plaintiff William N. seeks review of the final decision of the Commissioner of the Social Security Administration ("Commissioner" or "Agency") denying Plaintiff's application for Title II Disability Insurance Benefits and Supplemental Security Income. See generally Compl. (Doc. No. 1). For the reasons discussed herein, the Court AFFIRMS the Commissioner's decision.

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] The current Commissioner of Social Security is substituted as Defendant in place of his predecessor, Leland Dudeck, pursuant to Federal Rule of Civil Procedure 25(d).

**2. BACKGROUND**

On February 9, 2022, Plaintiff filed applications for disability insurance benefits and supplemental security income. AR at 256-77.[3] Plaintiff's claims were denied on initial review and after reconsideration. AR at 94-95, AR at 128-29. On December 29, 2022, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). AR at 148. On March 12, 2024, the ALJ held a hearing at which Plaintiff and a vocational expert testified. AR at 31-59. Subsequently, on April 15, 2024, the ALJ issued a written decision denying Plaintiff's disability claim. AR at 14-25. The Appeals Council denied Plaintiff's request for review. AR at 1-3. Plaintiff then filed this action on April 30, 2025, seeking Court review of that decision under 42 U.S.C. §§ 405 and 1383(c)(3). See Doc. No. 1. All parties then consented to proceed before a United States Magistrate Judge. See Doc. No. 6, 9, 10. The matter is fully briefed and read for decision.

**3. STANDARD FOR EVALUATING DISABILITY**

To qualify for benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents him from engaging in substantial gainful activity, and that is expected to result in death or to last for a continuous period of at least twelve (12) months. See 42 U.S.C. § 423 (d)(1)(a); Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1988). The impairment must render the claimant incapable of performing the work he or she previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. 42 U.S.C. § 423(d)(2)(A); Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

To decide if a claimant is disabled within the meaning of the Social Security Act (the "Act"), and therefore entitled to benefits, an ALJ conducts a five-step

[3] References herein to "AR" are to the Certified Administrative Record filed concurrently with Defendant's Answer to the Complaint, with reference to the sequential page number in the bottom right of each page of that document.

inquiry. See Ford v. Saul, 950 F.3d 1141, 1148-49 (9th Cir. 2020); 20 C.F.R. § 404.1520. The steps are:

(1) Is the claimant presently engaged in substantially gainful activity? If so, the claimant is found "not disabled" and is not entitled to benefits. If the claimant is not presently engaged in substantially gainful activity, proceed to step two.

(2) Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.

(3) Does the claimant's impairment meet or equal one of the specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four.[4]

(4) Is the claimant capable of performing work he has done in the past? If so, the claimant is found not disabled. If not, proceed to step five.

(5) Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled.

See Tackett, 180 F.3d at 1098-99; see also 20 C.F.R. § 404.1520(b)-(g)(1); Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Ford, 950 F.3d at 1148; Bustamante, 262 F.3d at 953-54. Additionally, the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry. Id. at 954. If, at step four, the claimant meets his burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform

[4] "Between steps three and four, the ALJ must, as an intermediate step, assess the claimant's [residual functional capacity]," or ability to work after accounting for [his] verifiable impairments. Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222-23 (9th Cir. 2009) (citing 20 C.F.R. § 416.920(e)). In determining a claimant's residual functional capacity, an ALJ must consider all relevant evidence in the record. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006).

some other work that exists in "significant numbers" in the national economy, accounting for the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. § 404.1520(g)(1); Tackett, 180 F.3d at 1098-99, 1100; Reddick, 157 F.3d at 721.

This five-step evaluation process is "sequential" in that the steps are undertaken in order, and if a claimant is found "not disabled" at a step, the decision is made at that point and it is not necessary to go on to the next step. See 20 C.F.R. § 404.1520(a)(4).

**4. THE ALJ'S DECISION**

In a written Notice of Decision dated April 15, 2024, see AR at 14-25, the ALJ went through the five-step evaluation process and entered his findings as follows:

**a. Step One**

At step one, the ALJ found that Plaintiff had engaged in substantial gainful activity ("SGA") during the following times: "November and December of 2022 and November and December of 2023." AR at 20. Though the result of this finding was that Plaintiff was "not disabled" under the Act, the ALJ continued on and made findings on the next steps "in the alternative." Id.

**b. Step Two**

At step two, the ALJ found that Plaintiff has a severe impairment of cardiomyopathy. AR at 20.

**c. Step Three**

At step three, the ALJ concluded Plaintiff did not "have an impairment or combination of impairments that meets or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1[.]" AR at 21.

**d. RFC Determination**

The ALJ found that Plaintiff had the RFC "to perform light work[[5]]," except "he can occasionally climb ramps, stairs, ladders, ropes and scaffolds, balance, stoop, kneel, and crouch, and can have only occasional exposure to fumes, odors, dusts, gases, poor ventilation, and hazards such as operational control of moving machinery and exposure to unprotected heights." AR at 21.

**e. Step Four**

At step four, the ALJ found that Plaintiff was "capable of performing past relevant work as a cashier (DOT 211.462-010, light unskilled, SVP of two). This work does not require the performance of work-related activities precluded by the [Plaintiff's] residual functional capacity[.]" AR at 24.

**f. Conclusion**

The ALJ therefore found that, "[Plaintiff] has not been under a disability, as defined in the Social Security Act, from December 28, 2021, through the date of this decision (20 CFR 404.1520(f) and 416.920(f))." AR at 25.

**5. PLAINTIFF'S CLAIMS**

In his Brief, Plaintiff presents three disputed issues: (1) whether the ALJ "erred in failing to provide clear, convincing, and well-supported reasons for discounting Plaintiff's allegations of physical dysfunction," (2) whether the ALJ "failed to properly evaluate whether Plaintiff's cardiac impairment met or medically equaled Listing 4.02," and (3) whether the ALJ "failed to properly develop

---

[5] "Light work" is defined as:

> [L]ifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [a claimant] must have the ability to do substantially all of these activities.

20 C.F.R. § 416.967(b); see also Aide R. v. Saul, No. CV 19-02069-ADS, 2020 WL 7773896, at *2 n.6 (C.D. Cal. Dec. 30, 2020).

and evaluate whether Plaintiff was able to perform the physical demands of his past relevant work at a tree farm." Pl.'s Br. (Doc. No. 12) at ECF pp. 5-16.

**6. STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free of legal error and supported by substantial evidence based on the record as a whole. Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).

"Substantial evidence" is evidence that a reasonable person might accept as adequate to support a conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). It is more than a scintilla but less than a preponderance. Id. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighting both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick, 157 F.3d at 720; see also Hill v. Astrue, 698 F.3d 1153, 1159 (9th Cir. 2012) ("[A] reviewing court . . . may not affirm simply by isolating a 'specific quantum of supporting evidence'" (quoting Robbins, 466 F.3d at 882)). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-21; see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."), superseded by regulation on other grounds as stated in Thomas v. Saul, 830 F. App'x 196, 198 (9th Cir. 2020).

The reviewing court may review only the reasons stated by the ALJ in the decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). If the ALJ erred, the error may only be

considered harmless if it is "clear from the record" that the error was "inconsequential to ultimate nondisability determination." Robbins, 466 F.3d at 885 (citation omitted).

**7. DISCUSSION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To make that determination, the Commissioner has established, and the ALJ employs, a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act, as discussed above. See Part 3, supra; Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a). Each step is potentially dispositive. "If a claimant is found to be 'disabled' or 'not-disabled' at any step in the sequence, there is no need to consider subsequent steps." Tackett, 180 F.3d at 1098; 20 C.F.R. § 404.1520. The Plaintiff carries the burden of proof at steps one through four, and the Commissioner carries the burden of proof at step five. Tackett, 180 F.3d at 1098.

As noted above, at step one of the analysis, the ALJ must determine if "the [Plaintiff] is presently working in a substantially gainful activity [('SGA')]? If so, then the [Plaintiff] is 'not disabled' within the meaning of the [] Act and is not entitled to [benefits]. If the [Plaintiff] is not working in a [SGA], then the [Plaintiff's] case cannot be resolved at step one and the evaluation proceeds to step two." See 20 C.F.R. § 404.1520(b).

Here, the ALJ determined at step one that Plaintiff had engaged in SGA after reviewing his earnings for his work at Hopper Family Christmas Trees. AR at 20 (citing AR at 324). In 2021, quarter four, Plaintiff earned $3,093. AR at 285. Then, in quarter four of 2022 he earned $8,766. Id.; see also AR at 324. The earnings were during November and December of each year. AR at 38. As the ALJ noted,

these earnings are well above the SGA limit for the months Plaintiff worked. AR 20; see also Substantial Gainful Activity, Soc. Sec. Admin. https://www.ssa.gov/oact/cola/QC.html#qcseries (listing income amounts for which a person is ordinarily considered to be engaging in SGA).

Plaintiff's work was seasonal, and he has been unsuccessfully applying for work outside of that position. AR at 41. The ALJ found Plaintiff to be "not disabled" because Plaintiff did not have a consecutive period of twelve months where he was not engaged in SGA. AR at 20. This finding is proper, as 42 U.S.C. §§ 423(d)(1)(A) defines disability for the purposes of disability insurance benefits as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." See also 1382c(a)(3)(A) (providing a nearly identical standard for supplemental security income). Accordingly, because Plaintiff did not have a period of twelve consecutive months without SGA, Plaintiff was not disabled under the Act.

Plaintiff does not assign any error to this conclusion. See Pl.'s Br. at ECF p. 5, ln. 22 through ECF p. 6, ln. 2. Plaintiff enumerates three specific disputed issues in his Brief, as quoted above. First, he argues that the "ALJ failed to provide clear, convincing, and well-supported reasons for discounting Plaintiff's allegations of physical disfunction." See Pl.'s Br. at Part IV.A, ECF pp. 6-11. That requirement, however, is part of the determination of a claimant's RFC, between steps three and four of the sequential analysis. See Ferguson v. O'Malley, 95 F.4th 1194, 1204 (9th Cir. 2024); Gallo v. Kijakazi, No. 1:22-CV-00152-GSA, 2023 WL 2597554, at *3 (E.D. Cal. Mar. 22, 2023). Second, Plaintiff claims the ALJ erred "to properly evaluate whether Plaintiff's cardiac impairment met or medically equaled Listing 4.02." Pl.'s Br. at ECF pp. 12-13. Plaintiff himself admits, however, that this is a step-three question. Id. at ECF p. 12, ln. 3. Finally, Plaintiff takes issue with the ALJ's claimed failure "to adequately develop and evaluate whether Plaintiff was able to perform

the physical demands of his past relevant work at a tree farm." Id. at ECF pp. 13-16. Again, however, Plaintiff admits that this requirement arises at step-four of the sequential analysis. Id. at ECF p. 13, ln. 22.

Because the ALJ determined Plaintiff to be "not disabled" at step one of the sequential analysis, and Plaintiff does not challenge that determination here, that finding is dispositive of the question of Plaintiff's entitlement to benefits. See Tackett, 180 F.3d at 1098; 20 C.F.R. § 404.1520(b). Under that finding, Plaintiff is "not disabled regardless of his medical condition, age, education, and work experience." 20 C.F.R. § 404.1520(b) (emphasis added). Thus, although the ALJ continued on to steps three and four (including a consideration of Plaintiff's RFC), in the alternative – i.e., in case there was any error in that step one finding – those alternative findings on the later steps are inconsequential here where there was no error on the primary, step-one finding of no disability.

The Court therefore declines to review the remainder of the ALJ's determination of the unnecessary remaining steps. Even if Plaintiff were to succeed on any of his three assignments of error in his Brief at the RFC, step three, or step four stage of the sequential analysis, any such error would be considered harmless as it would not change the determination Plaintiff was "not disabled."

**8. CONCLUSION**

For the foregoing reasons, it is ORDERED that judgment be entered AFFIRMING the decision of the Commissioner. It is further ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

IT IS SO ORDERED.

DATED: September 14, 2026

Dan Roberts

HON. DANIEL S. ROBERTS
UNITED STATES MAGISTRATE JUDGE